UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



___

BROADCAST MUSIC, INC., MJ
PUBLISHING TRUST d/b/a MIJAC MUSIC,
GROPER MUSIC, RHYTHM WRANGLER
MUSIC, TOKECO TUNES, UNIVERSAL-
SONGS OF POLYGRAM INTERNATIONAL,
INC., STILL WORKING FOR THE MAN
MUSIC, INC., TURN ME ON MUSIC, and
SHOWBILLY MUSIC,

           Plaintiffs,

     v.

BUFFALO WING JOINT & PUB, LLC d/b/a
BUFFALO WING JOINT AND P.U.B., and
CANDICE CREAMER,

           Defendants.

**DECISION AND ORDER**

1:18-CV-01257 EAW

___

## INTRODUCTION

Plaintiffs Broadcast Music, Inc. ("BMI"), MJ Publishing Trust, Groper Music, Rhythm Wrangler Music, Tokeco Tunes, Universal-Songs of Polygram International, Inc., Still Working for the Man Music, Inc., Turn Me On Music, and Showbilly Music (collectively "Plaintiffs") assert four claims of willful copyright infringement against defendants Buffalo Wing Joint & Pub, LLC ("Buffalo Wing") and Candice Creamer (collectively "Defendants") (Dkt. 1). Currently before the Court is Plaintiffs' motion for default judgment pursuant to Federal Rule of Civil Procedure 55. (Dkt 8). For the reasons discussed below, Plaintiffs' motion is granted, except that Plaintiffs' request for attorneys' fees is denied without prejudice.

# BACKGROUND

## I. Factual Background

The following facts are taken from Plaintiffs' Complaint and motion papers and are accepted as true in light of Defendants' default. *See Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability. . . .").

Buffalo Wing "operates, maintains and controls an establishment known as Buffalo Wing Joint and P.U.B., located at 6560 Niagara Falls Blvd., Niagara Falls, NY 14304, in this [D]istrict (the 'Establishment')." (Dkt. 1 at ¶ 13). Creamer is the owner of Buffalo Wing and has "responsibility for the operation and management of that limited liability company and the Establishment," as well as "the right and ability to supervise the activities of Defendant Buffalo Wing . . . and a direct financial interest in that limited liability company and the Establishment." (*Id.* at ¶¶ 16, 17).

BMI is a corporation that has "been granted the right to license the public performance rights in nearly 14 million copyrighted musical compositions (the 'BMI Repertoire')," including the musical compositions at issue in this lawsuit. (*Id.* at ¶ 3). Since August 2016, BMI has "reached out to Defendants over thirty (30) times, by phone and mail, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical

compositions in the BMI Repertoire." (*Id.* at ¶ 19). BMI also sent Defendants cease-and-desist notices "providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment." (*Id.*). "Despite BMI's efforts, the Defendants failed to enter into a license agreement with BMI and continued to offer unauthorized public performance of BMI-licensed music." (Dkt. 8-2 at ¶ 8).

An investigator working for BMI visited the Establishment and compiled a report of the musical compositions performed on the evening of March 17, 2018, and the early morning of March 18, 2018. (*Id.* at ¶ 9). Based on its investigator's report, BMI confirmed the following works in the BMI Repertoire were performed at the Establishment without authorization on March 17 and 18, 2018: Billie Jean, Should've Been A Cowboy, Trashy Women, and Play Something Country. (*Id.* at ¶¶ 10-11). Plaintiff MJ Publishing Trust owns the copyright for Billie Jean, for which copyright registration was issued on December 27, 1982, under copyright registration number PA 158-772. (Dkt. 1-1 at 2). Plaintiffs Groper Music and Rhythm Wrangler Music own the copyright for Trashy Women, for which copyright registration was issued on October 17, 1988, under copyright registration number PAu 1 150 124. (*Id.*). Plaintiffs Tokeco Tunes and Universal Songs of Polygram International, Inc. own the copyright for Should've Been A Cowboy, for which copyright registration was issued on March 15, 1993, under copyright registration number PA 606-001. (*Id.* at 3). Plaintiffs Still Working for the Man Music, Inc., Turn Me On Music, and Showbilly Music own the copyright for Play Something Country, for which copyright registration was issued on November 4, 2005, under copyright registration number PA 1-301-853. (*Id.*).

## II. Procedural Background

Plaintiff commenced this action on November 9, 2018. (Dkt. 1). Defendants were served on November 19, 2018. (Dkt. 4; Dkt. 5). Accordingly, Defendants were required to answer or otherwise respond to the Complaint or before December 10, 2019. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Defendants failed to file a responsive pleading and, at Plaintiffs' request (Dkt. 6), the Clerk of Court entered default against Defendants on January 18, 2019 (Dk. 7).

Plaintiffs filed the instant motion for a default judgment on May 30, 2019. (Dkt. 8). Plaintiffs served their motion papers on Defendants at their last known addresses. (Dkt. 8-9). Pursuant to Local Rule of Civil Procedure 7(b)(2), Defendants had fourteen days to file a response to Plaintiffs' motion; they did not do so.

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 55 sets forth the procedural steps for entry of a default judgment. First, a plaintiff must seek entry of default where a party against whom it seeks affirmative relief has failed to plead or defend in the action. Fed. R. Civ. P. 55(a). Plaintiff has obtained entry of default as to Defendants in this case. (Dkt. 7). "Having obtained a default, a plaintiff must next seek a judgment by default under Rule 55(b)." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *see also* Fed. R. Civ. P. 55(b). "Once found to be in default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability." *Philip Morris USA Inc. v. 5 Brothers*

*Grocery Corp.*, No. 13-CV-2451 (DLI)(SMG), 2014 WL 3887515, at *2 (E.D.N.Y. Aug. 5, 2014) (citation omitted).

"As the Second Circuit has noted, when determining whether to grant a default judgment, the Court is guided by the same factors which apply to a motion to set aside entry of default." *Krevat v. Burgers to Go, Inc.*, No. 13-CV-6258, 2014 WL 4638844, at *5 (E.D.N.Y. Sept. 16, 2014) (citing *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 170-71 (2d Cir. 2001)). The three factors include: (1) "whether the defendant's default was willful; (2) "whether the defendant has a meritorious defense to plaintiff's claims"; and (3) "the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Id.* "[P]rior to entering default judgment, a district court is required to determine whether the [plaintiff's] allegations establish the [defendant's liability] as a matter of law." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011). Ultimately, "[t]he decision whether to enter default judgment is committed to the district court's discretion." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015).

## II. <u>Willfulness</u>

The Court finds that Defendants' default is willful. Plaintiff has filed proof of service demonstrating that the Summons and Complaint were served on Defendants on November 19, 2018. (Dkt. 4; Dkt. 5). Defendants have not filed a responsive pleading nor sought an extension of time to respond. Moreover, Plaintiffs' motion for default judgment was served upon Defendants at their last known addresses (Dkt. 8-9), and Defendants also did not respond to it. Defendants' "failure to appear, failure to respond to the Complaint,

and failure to respond to the [motion for default judgment] sufficiently demonstrate willfulness." *Krevat*, 2014 WL 4638844, at *8 (citation omitted); *see also S.E.C. v. McNulty*, 137 F.3d 732, 738-39 (2d Cir. 1988) (defendant's failure to appear, to respond to complaint, and to respond to motion for default judgment indicates willful conduct); *Mason Tenders Dist. Council v. Duce Const. Corp.*, No. 02 Civ. 9044(LTS)(GWG), 2003 WL 1960584, at *2 (S.D.N.Y. April 25, 2003) ("Defendants, having failed to respond in any way to the Summons and Complaint or otherwise make any appearance in this action and having failed to provide for its failure to defend, have defaulted willfully.").

### III. <u>Meritorious Defenses</u>

The Court next considers whether Defendants have a meritorious defense to Plaintiff's claims. "A defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (citation omitted). "While a defendant need not establish his defense conclusively, he must 'present evidence of facts that, if proven at trial, would constitute a complete defense.'" *Krevat*, 2014 WL 4638844, at *6 (quotation and citation omitted).

"[W]here a defendant fails to answer the complaint, a court is unable to make a determination whether the defendant has a meritorious defense to the plaintiff's claims, which circumstance weighs in favor of granting a default judgment." *Id.* "The fact that a complaint stands unanswered does not, however, suffice to establish liability on [the] claims: a default does not establish conclusory allegations, nor does it excuse any defects in the plaintiff's pleading. With respect to liability, a defendant's default does no more than concede the complaint's factual allegations; it remains the plaintiff's burden to

demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." *Said v. SBS Electronics, Inc.*, No. CV 08-3067(RJD)(JO), 2010 WL 1265186, at *2 (E.D.N.Y. Feb. 24, 2010); *see also Krevat*, 2014 WL 4638844, at *7 ("Even if a plaintiff's claims are deemed admitted, a plaintiff must demonstrate that the allegations set forth in the complaint state valid claims."). As such, the Court must assess whether Plaintiffs' allegations, accepted as true, demonstrate copyright infringement by Defendants.

"[T]o make out a prima facie case of copyright infringement, a party must establish ownership of a valid copyright and that the defendant violated an exclusive right conferred by the ownership." *Realsongs v. 3 A North Park Ave. Rest. Corp.*, 749 F. Supp. 2d 81, 93 (E.D.N.Y. 2010). "Here, Plaintiffs are the copyright owners of the compositions at issue and have established through an investigator that Defendants performed the copyrighted compositions without the proper permission or authority to do so. . . ." *Broadcast Music, Inc. v. Bayside Boys, Inc.*, No. 12-CV-03717 CBA VMS, 2013 WL 5352599, at *5 (E.D.N.Y. Sept. 23, 2013). This is sufficient to establish copyright infringement by Defendants. *Id.*; *see also Broadcast Music, Inc. v. Prana Hosp., Inc.*, 158 F. Supp. 3d 184, 191 (S.D.N.Y. 2016) ("A public performance made without the requisite license or authorization from the copyright owner constitutes an infringement of the work."). The Court notes that "all entities and persons who participate in, exercise control over, or benefit from a copyright infringement are jointly and severally vicariously liable as copyright infringers," *Prana Hosp., Inc.*, 158 F. Supp. 3d at 193, and so Plaintiffs have adequately established liability by both Buffalo Wing and Creamer. *See also Shapiro,*

*Bernstein & Co. v. H. L. Green Co.*, 316 F.2d 304, 307 (2d Cir. 1963) ("[T]he cases are legion which hold the dance hall proprietor liable for the infringement of copyright resulting from the performance of a musical composition by a band or orchestra whose activities provide the proprietor with a source of customers and enhanced income."); *Broadcast Music, Inc. v. 315 W. 44th St. Rest. Corp.*, No. 93 CIV. 8182 (MBM), 1995 WL 408399, at *4 (S.D.N.Y. July 11, 1995) ("A proprietor is liable under the Copyright Act for the copyright infringement of musicians whom the proprietor allows to perform in his establishment, even if the proprietor tells the musicians not to play protected works or is unaware that the songs performed were copyrighted. . . . As an officer of the Cafe who had the right and ability to supervise the infringing activity and a direct financial interest in it, [the owner] also is individually liable." (citations omitted)).

## IV. Prejudice

Finally, the Court finds that Plaintiffs would be prejudiced in the absence of a default judgment. "[I]n light of the defaulting Defendants' failure to respond and Plaintiffs' efforts to prosecute their case, ignoring the default would prejudice Plaintiffs in that they have expended time and money in prosecuting this case; they deserve an adjudication; and Defendants' infringing conduct is likely ongoing." *Bayside Boys*, 2013 WL 5352599, at *5.

Based on the foregoing analysis, the Court concludes that Plaintiffs are entitled to default judgment. The Court accordingly considers the availability of the various forms of relief requested by Plaintiffs.

V. **Statutory Damages**

Plaintiffs ask the Court to award $20,000.00 in statutory damages—$5,000 for each act of infringement. (*See* Dkt. 8-7 at 7 ("For the four (4) acts of infringement described in the Complaint, Plaintiffs request a reasonable total award of $20.000.00. This constitutes an award of $5,000.00 for each of the four (4) infringements.")). "The assessment of monetary damages is governed by § 504(c) of the Copyright Act." *315 W. 44th St.*, 1995 WL 408399, at *5. Under 17 U.S.C. § 504(c)(1), the plaintiff in a copyright infringement action "may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages . . . in a sum of not less than $750 or more than $30,000 as the court considers just." *Id.* In cases where the plaintiff proves willful infringement, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." *Id.* § 504(c)(2). "Within these statutory limits, the Copyright Act affords the Court wide discretion." *Broadcast, Inc. v. Metro Lounge & Cafe LLC*, No. 5:10-CV-1149 NAM/ABT, 2013 WL 286361, at *4 (N.D.N.Y. Jan. 24, 2013) (quotation omitted).

"To prove willfulness under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of reckless disregard for, or willful blindness to, the copyright holder's rights." *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005) (quotations omitted). Plaintiff's allegations amply meet this standard. Defendants were repeatedly put on notice by BMI that they could not allow public performances of musical compositions in the BMI Repertoire at the Establishment without

a license, and yet they failed to obtain the required license. "This conduct easily establishes that defendants, at the least, recklessly disregarded plaintiffs' rights." *Prana Hosp.*, 158 F. Supp. 3d at 198 (quotation and alterations omitted).

"Second Circuit case law—including numerous cases brought by BMI—reflects that courts in this Circuit commonly award, in cases of non-innocent infringement, statutory damages of between three and five times the cost of the licensing fees the defendant would have paid." *Id.* at 199; *see also Broadcast Music, Inc. v. R Bar of Manhattan, Inc.*, 919 F. Supp. 656, 660 (S.D.N.Y. 1996) ("[C]ourts have held that, in order to put such infringers on notice that it costs less to obey the copyright laws than to violate them, a statutory damage award should significantly exceed the amount of unpaid license fees." (citation and quotation omitted)).

Here, the estimated license fees for the relevant time period are $5,197.00 (*see* Dkt. 8-2 at ¶ 17), based on which an appropriate damages range would be $15,591.00 and $25,985.00. Plaintiffs' requested award of $20,000.00 falls in the middle of this range and is consistent with awards made in similar cases. *See, e.g., Prana Hosp.*, 158 F. Supp. 3d at 199 (awarding $12,500.00 per infringement for three infringements, for total award of $37,500.00); *Broadcast Music, Inc. v. Northern Lights, Inc.*, No. 1:07-CV-476 GLS/RFT, 2009 WL 2319970, at *2 (N.D.N.Y. July 28, 2009) (awarding $4,000.00 per infringement for ten infringements, for total award of $40,000.00). Accordingly, the Court finds that $20,000.00 is an appropriate amount of statutory damages to award in this case.

## VI. Attorneys' Fees and Costs

Plaintiffs also seek an award of $7,497.50 in attorneys' fees and costs. (*See* Dkt. 8-7 at 8 (Plaintiffs seek $7,000.00 in attorneys' fees and $497.50 in costs)). "The Copyright Act provides that the court may award reasonable attorney's fees to the prevailing party at its discretion." *Northern Lights*, 2009 WL 2319970, at *3. "In determining what constitutes reasonable attorney's fees, the court should consider the amount of work involved, the skill employed, damages at issue, and the result achieved." *315 W. 44th St.*, 1995 WL 408399, at *5. "The 'presumptively reasonable fee' is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Broadcast Music, Inc. v. Pamdh Enterprises, Inc.*, No. 13-CV-2255 KMW, 2014 WL 2781846, at *6 (S.D.N.Y. June 19, 2014) (quoting *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)).

Here, Plaintiffs seek $7,000.00 in attorneys' fees pursuant to a flat-fee arrangement. (*See* Dkt. 8-5 at ¶ 3; Dkt. 8-7 at 8). Plaintiffs' attorneys have not submitted to the Court any information regarding the time they spent on this matter, but have only informed the Court of their standard hourly rates. (*See* Dkt. 8-5 at ¶ 2). "A fee movant must submit contemporaneous time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Pamdh Enterprises, Inc.*, 2014 WL 2781846, at *6 (quotation omitted). This is true even where attorneys have a flat-fee arrangement. *See id.* at *6-7 (approving attorneys' fee award of $7,500.00 pursuant to flat-fee arrangement only <u>after</u> the court "reviewed the invoices submitted by Plaintiffs' counsel and . . . determined that the hours spent are reasonable" and compared the requested fees to those that would

have been paid had the attorneys worked on an hourly basis). Here, the Plaintiffs have not submitted contemporaneous time records or invoices, nor any other information about the time spent on this matter. On this record, the Court cannot conclude that the requested $7,000.00 in fees is reasonable. Accordingly, the Court denies the request for attorneys' fees without prejudice.

However, the Court does find that Plaintiffs are entitled to recover $497.50 in costs, which represents the costs for filing and serving the Complaint. (*See* Dkt. 8-5 at ¶ 4). "These are routine costs that are typically awarded" in cases like this. *Pamdh Enterprises*, 2014 WL 2781846, at *8.

## VII. Permanent Injunction

Finally, Plaintiffs seek a permanent injunction enjoining Defendants from future infringement. (Dkt. 8-7 at 9). The Copyright Act allows the Court "to grant 'final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.'" *Northern Lights*, 2009 WL 2319970, at *2 (quoting 17 U.S.C. § 502(a)). A party seeking a permanent injunction must demonstrate "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Granite Music Corp. v. Ctr. St. Smoke House, Inc.*, 786 F. Supp. 2d 716, 729 (W.D.N.Y. 2011) (citation omitted).

Courts in this Circuit have reached differing conclusions regarding the appropriateness of permanent injunctions in the circumstances present here. *Compare, e.g., Northern Lights*, 2009 WL 2319970, at *2 (granting permanent injunction because "[i]njunctive relief is warranted where a copyright owner establishes liability and a threat of continuing violations" (quotation omitted)) *with Pamdh Enterprises*, 2014 WL 2781846, at *4 (denying request for permanent injunction because "Plaintiffs' allegations do not satisfy the requirements for a permanent injunction. Although Defendants have exhibited an apparent indifference to Plaintiffs' copyrights, Plaintiffs have not shown irreparable injury or a lack of adequate remedies at law.").

This Court is persuaded by the reasoning of the decisions that have granted permanent injunctions under the circumstances present here. "Monetary damages awarded after the fact do not provide an adequate remedy in a case such as this where the actual loss caused by the infringement cannot be measured precisely." *Bayside Boys*, 2013 WL 5352599, at *7. In addition, "the failure to issue a final injunction would be tantamount to the creation of a compulsory license with future damages then becoming a sort of royalty as opposed to compensation for the harm." *Broadcast Music, Inc. v. The Living Room Steak House, Inc.*, No. 14-CV-6298, 2016 WL 756567, at *7 (E.D.N.Y. Feb. 26, 2016) (quotation and alterations omitted), *report and recommendation adopted*, 2016 WL 1056609 (E.D.N.Y. Mar. 17, 2016). The Second Circuit has noted that "[i]n the copyright realm, . . . an injunction should be granted if denial would amount to a forced license to use the creative work of another." *Silverstein v. Penguin Putnam, Inc.*, 368 F.3d 77, 84 (2d Cir. 2004).

Moreover, "[r]equiring plaintiffs to commence litigation for each future violation would be an extreme hardship, while preventing defendants from continually infringing on plaintiffs' copyrighted material is not." *Buttnugget Publ'g v. Radio Lake Placid, Inc.*, 807 F. Supp. 2d 100, 109 (N.D.N.Y. 2011). "Lastly, the permanent injunction would serve the public interest by prohibiting the infringing conduct in furtherance of copyright law." *Living Room Steak House*, 2016 WL 756567, at *7. Accordingly, the Court grants Plaintiffs' request for a permanent injunction.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment (Dkt. 8) is granted, except that Plaintiffs' request for attorneys' fees is denied without prejudice. Defendants Buffalo Wing Joint & Pub, LLC and Candice Creamer and their agents, servants, employees, and all persons acting under their permission or authority are permanently enjoined from infringing the copyrighted musical compositions licensed by plaintiff Broadcast Music, Inc. Plaintiffs are awarded statutory damages in the amount of $20,000.00 and costs in the amount of $497.50 against Defendants, jointly and severally, for a total award of $20,497.50. Plaintiffs are further awarded post-judgment interest in accordance with 28 U.S.C. § 1961. *See Indu Craft, Inc. v. Bank of Baroda*, 87 F.3d 614, 619 (2d Cir. 1996) ("The award of post-judgment interest is mandatory under 28 U.S.C. § 1961.").[1] Plaintiffs shall serve a copy of this Decision and Order on Defendants at their last known addresses and shall file proof of service of the same.

---

[1] To the extent Plaintiffs are seeking prejudgment interest, they have failed to make any argument why such interest should be awarded and any such request is accordingly

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: December 18, 2019
Rochester, New York

---

denied. *See Northern Lights,* 2009 WL 2319970, at *4 (declining to award prejudgment interest where "the statutory damages awarded more than compensate the plaintiffs for their loss").